## WILLIAMS *a.* HERNON.

*Supreme Court, First District; General Term, Nov.,* 1861.

Costs.—Allowance in Partition and other Cases mentioned in Section 308 of the Code.

Under the provisions of sections 308 and 309 of the Code, as the latter is amended by the Laws of 1859 (969, ch. 468, § 8), the court have no discretion to allow, as a court of equity, any extra costs in actions specified in section 308, except the allowance fixed in that section.

The allowance fixed in that section cannot be made to any other party than the plaintiff.

Appeal from an order at special term.

By the Court.*—Clerke, P. J.—Section 308 of the Code provides that there shall be allowed to the plaintiff, and only to the plaintiff, upon the recovery of judgment by him in any action for the partition of real property, or for the foreclosure of a mortgage, or in which a warrant of attachment has been issued, or for an adjudication upon a will or other instrument in writing, &c., a percentage on the recovery, &c., which cannot exceed sixty dollars. By this provision for the plaintiff exclusively, it may be safely inferred, that the Legislature intended that defendants in the actions specified in the section should not be entitled to any extra allowance.

In section 309, however, as amended in 1858, it was provided that the court may also "in its discretion make a further allowance to any party, not exceeding five per cent. upon the amount of the recovery or claim, or subject-matter involved."

If this remained the law, as I erroneously supposed in my late opinion in Hotaling *a.* Marsh,† the court would, of course,

* Present, Clerke, P. J., Ingraham and Leonard, JJ.

† In Hotaling. *a.* Marsh (*Supreme Court, First District; At Chambers, November,* 1861), it was *held,* that although the court has no discretionary power to allow in actions mentioned in section 308 of the Code, any more costs than the Code prescribes, yet in any action mentioned in that section,—*e. g.,* a partition action,—an allowance of five per cent. on the recovery of any party may be granted.

have authority to make an allowance to the defendants in the case now before us.   But a very serious alteration, which until very recently totally escaped my notice, was made by the Legislature in 1859 (*Laws of* 1859, 970), by the erasure of the word " and," and the substitution of the word " except," so that the passage now reads " in difficult and extraordinary cases, when a trial has been had, except in any of the actions or proceedings specified in section 308, the court may also in its discretion make a further allowance to any party not exceeding five per cent, &c."   By this last amendment, the authority of the court in making extra allowances is left, as before 1858, to depend solely on section 308; and this, as we have seen, authorizes an allowance only to the plaintiff, and as I have remarked in Hotaling *a.* Marsh, by necessary implication, depriving the court in the actions mentioned in that section, of any equitable discretion in allowing extra costs to any party.

The defendants in this action, therefore, are not entitled to any extra allowance, and the order of the special term should be affirmed, without costs.

CLERKE, J.—I do not think, in any of the actions mentioned in section 308 of the Code, of which this is one, that we retain any discretion, as a court of equity, in allowing more costs than the Code prescribes.   By this section the plaintiff, and only the plaintiff, is entitled to an amount in the whole not exceeding sixty dollars.   By the amendment, however, of 1858 (*Laws of* 1858, 493, § 12), the court is authorized, in difficult and extraordinary cases, when a trial has been had, and in any of the actions or proceedings specified in section 308, also, in its discretion, to "make a further allowance to any party, not exceeding five per cent. upon the amount of the recovery or claim, or subject-matter involved."

This amendment, I believe, has not been repealed; and by virtue of it, and not by any inherent general power of the court in equity cases (if, indeed, a partition-suit can be strictly called an equity suit), I have authority to make additional allowances to the plaintiffs or any of the defendants.

To the plaintiffs I allow $150.

To the infant defendants Frank and Valentine Marsh, $150.

To Ellen Campbell, defendant, $50.

To the infant defendants Franklin and Harriett Ann Peters, $50.

To the executors, $50.

To the defendants Harriet Peters and Harriet Ann Marsh, $150.